## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Yitzchok Weiss, | Case No.: 1:21-cv-218 |
| individually and on behalf of all others similarly situated, | |
| Plaintiff, | |
| -v.- | **CLASS ACTION COMPLAINT** |
| Sequium Asset Solutions, LLC; | **DEMAND FOR JURY TRIAL** |
| LVNV Funding LLC; | |
| and John Does 1-25; | |
| Defendants. | |

Plaintiff Yitzchok Weiss brings this Class Action Complaint by and through his attorneys, Stein Saks, PLLC, against Defendants Sequium Asset Solutions, LLC ("Sequium") and LVNV Funding LLC ("LVNV"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1.     The Fair Debt Collection Practices Act ("FDCPA" or "Act") was enacted in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). This was because "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* The Act concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2.     The purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices

are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *Id.* § 1692(b), consumers were given a private cause of action against debt collectors who fail to comply with the Act. *Id.* at § 1692k.

## JURISDICTION AND VENUE

3.     The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq.  The Court also has pendant jurisdiction over the State law claims, if any, in this action pursuant to 28 U.S.C. § 1367(a).

4.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is a substantial part of the events or omissions giving rise to the claim occurred and where the Plaintiff resides.

## NATURE OF THE ACTION

5.     Plaintiff brings this class action on behalf of a class of New York consumers under Section 1692 et seq. of Title 15 of the United States Code, also known as the Fair Debt Collections Practices Act ("FDCPA"), and

6.     Plaintiff is seeking damages and declaratory relief.

## PARTIES

7.     Plaintiff is a resident of the State of New York, County of Kings, residing at 2362 Nostrand Ave Apt 9, Brooklyn, NY 11210.

8.     Defendant Sequium is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with its registered agent at Registered Agent Solutions, Inc., 99 Washington Avenue, Suite 1008, Albany, New York, 12260.

9.      Upon information and belief, Defendant Sequium is a company that uses the mail and telephone and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10.     Defendant LVNV is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with its registered agent at Corporation Service Company, 80 State Street, Albany, New York, 12207-2543.

11.     Upon information and belief, Defendant LVNV is a company that uses the mail and telephone and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due to itself or another.

12.     John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

13.     Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

14.     The Class consists of:

     a.   all individuals with addresses in the State of New York;

     b.   to whom Defendant Sequium sent a collection letter;

     c.   on behalf of Defendant LVNV;

     d.   attempting to collect a consumer debt;

     e.   that has been reduced to judgment;

     f.   without stating that interest is accruing on the judgment or that the interest is being waived;

g.  which letter was sent on or after a date one year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

15.  The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

16.  Excluded from the Plaintiff Class are the Defendants and all officers, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

17.  There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communication to consumers, in the form attached as Exhibit A, violate 15 U.S.C. §§ 1692e, 1692f and 1692g.

18.  The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

19.  This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

a.  **<u>Numerosity:</u>** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

b. **<u>Common Questions Predominate:</u>** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communication to consumers, in the form attached as Exhibit A, violate 15 U.S.C. §§ 1692e, 1692f and 1692g.

c. **<u>Typicality:</u>** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

d. **<u>Adequacy:</u>** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **<u>Superiority:</u>** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

20.    Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class

predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

21.    Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

22.    Plaintiff repeats the above allegations as if set forth here.

23.    Some time prior to December 8, 2020, Plaintiff allegedly incurred an obligation to non-party HSBC Bank Nevada, N.A. ("HSBC").

24.    The obligation arose out of transactions incurred primarily for personal, family, or household purposes, specifically an HSBC personal credit card used for personal purchases.

25.    The alleged HSBC obligation is a "debt" as defined by 15 U.S.C.§ 1692a (5).

26.    HSBC is a "creditor" as defined by 15 U.S.C.§ 1692a (4).

27.    Upon information and belief, HSBC sold or assigned the alleged to debt to Defendant LVNV.

28.    Defendant LVNV collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of itself or other creditors using the United States Postal Services, telephone and internet.

29.    Upon information and belief, LVNV contracted with Defendant Sequium to collect the alleged debt.

30.    Defendant Sequium collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*December 8, 2020 Collection Letter*

31.     On or about December 8, 2020, Defendant Sequium, on behalf of Defendant LVNV, sent Plaintiff a collection letter regarding the alleged debt, originally owed to HSBC and now owed to LVNV.  See Letter attached as Exhibit A.

32.     The collection letter states:

> This notice is being sent to you by a collection agency. Please be advised that Lvnv Funding LLC, the Current Creditor/Purchaser, has purchased the account referenced above. Our records further indicate that the judgment that was awarded on 04/09/2012 remains unresolved. This is the date on which the balance became due.

33.     Upon information and belief, this judgment was entered on April 9, 2012 in the amount of $12,777.90.

34.     The letter states that the "Total Due" is $12,777.90 and the "Date of Delinquency" is "02/29/08".

35.     The letter does not state that interest is accruing on the judgment.

36.     The letter does not state that interest is waived on the judgment.

37.     Plaintiff knows that judgments generally accrue interest.

38.     Pursuant to New York Civil Practice Law and Rules § 5004 judgments accrue interest "at the rate of nine per centum per annum".

39.     Therefore the "Total Due" on this judgment that was entered on April 9, 2012, is more than $12,777.90, due to the accumulation of additional interest.

40.     The amount stated as due is therefore false, deceptive, misleading, and unfair.

41.     If Defendant is waiving statutory interest it must so state and its failure to do was false, deceptive, misleading, and unfair.

42.   Defendants' improper collections actions led Plaintiff to believe the letter was fraudulent, or at least suspect, in whole or in part.

43.   Because of Defendants' improper collection actions Plaintiff was unable to properly respond to the letter.

44.   Because of Defendants' improper collections actions Plaintiff was prevented from taking certain actions he would have, or could have, otherwise taken had Defendant's letter not contained false, deceptive, misleading, or unfair content.

45.   Defendant was confused as to the debt and the amount involved here and how this implicates his alleged responsibilities for making payment thereon.

46.   Plaintiff was concerned and confused by the Letter.

47.   Plaintiff was therefore unable to evaluate his options of how to handle this debt.

48.   Because of this, Plaintiff expended time, money, and effort in determining the proper course of action.

49.   In addition, Plaintiff suffered emotional harm due to Defendants' improper acts.

50.   These violations by Defendant were knowing, willful, negligent and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

51.   Defendants' collection efforts with respect to this alleged debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm, *inter alia*, because the FDCPA provides Plaintiff with the legally protected right to be not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

52.   Defendants' false, deceptive, misleading and/or unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability

to intelligently respond to Defendants' collection efforts because Plaintiff could not adequately respond to Defendants' demand for payment of this debt.

53.    Defendants' actions created an appreciable risk to Plaintiff of being unable to properly respond or handle Defendants' debt collection.

54.    Defendant's actions led the letter's recipient to suspect fraudulent intent by the debt collector.

55.    Plaintiff was confused and misled to his detriment by the statements in the dunning letter, and relied on the contents of the letter to his detriment.

56.    Plaintiff would have pursued a different course of action were it not for Defendants' statutory violations.

57.    As a result of Defendants' deceptive, misleading and false debt collection practices, Plaintiff has been damaged.

## <u>COUNT I</u>
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

58.    Plaintiff repeats the above allegations as if set forth here.

59.    Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692e.

60.    Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

61.    Defendants violated said section, as described above, by:

  a.    Making a false and misleading representation in violation of §1692e (10); and

  b.    Falsely representing the character, amount or legal status of the debt in violation of §1692e (2).

62.    By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692e, *et seq*. of the FDCPA and Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f *et seq.*

63.    Plaintiff repeats the above allegations as if set forth here.

64.    Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692f.

65.    Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

66.    Defendants violated this section by unfairly failing to state that interest is accruing on the judgment or failing to state that it was waiving any interest since entry of judgment

67.    By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692f, et *seq*. of the FDCPA and Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT III
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692g *et seq.*

68.    Plaintiff repeats the above allegations as if set forth here.

69.    Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

70.    In connection with its initial communication with a consumer, a debt collector must, pursuant to 15 U.S.C. §1692g, send the consumer a written notice containing the amount of the debt.

71.    Defendant violated 15 U.S.C. §1692g by failing to properly state, pursuant to § 1692g (a)(1), the amount of the debt.

72.     By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

73.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Yitzchok Weiss, individually and on behalf of all others similarly situated, demands judgment from Defendants Sequium and LVNV as follows:

a)     Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Eliyahu Babad, Esq., as Class Counsel;

b)     Awarding Plaintiff and the Class statutory damages;

c)     Awarding Plaintiff and the Class actual damages;

d)     Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

e)     Awarding pre-judgment interest and post-judgment interest; and

f)      Awarding Plaintiff and the Class such other and further relief as this Court may deem

just and proper.

Dated: January 14, 2021                          Respectfully submitted,

                                                 **Stein Saks PLLC**

                                                 s/ Eliyahu Babad
                                                 By:  Eliyahu Babad, Esq.
                                                 Bar No. EB8283
                                                 285 Passaic Street
                                                 Hackensack, NJ 07601
                                                 Phone: (201) 282-6500 ext. 121
                                                 Fax: (201) 282-6501
                                                 EBabad@SteinSaksLegal.com

                                                 *Attorneys for Plaintiff*