```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

YITZCHOK WEISS,

                    Plaintiff,              MEMORANDUM & ORDER
                                            21-CV-218(EK)(TAM)
          -against-

SEQUIUM ASSET SOLUTIONS, LLC; LVNV
Funding LLC; and John Does 1-25,

                    Defendants.

-------------------------------------x
```

ERIC KOMITEE, United States District Judge:

Plaintiff Yitzchok Weiss claims that a letter he received from Sequium Asset Solutions, LLC violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p. The named defendants move for judgment on the pleadings. For the reasons stated below, Defendants' motion is granted.

## I.  Background

In the complaint, Weiss states that he "allegedly" incurred a debt to HSBC Bank that became the subject of a 2012 court judgment against him in the amount of $12,777.90. Compl. ¶¶ 23, 33, ECF No. 1.[1] HSBC is not a party here; Weiss alleges that the bank "sold or assigned the alleged [] debt" to defendant LVNV Funding. Id. ¶ 27. The facts below are taken

---

[1] All page numbers to citations to record documents refer to ECF pagination rather than native pagination.

from the complaint and assumed to be true for purposes of the instant motion.

Defendant Sequium Asset Solutions is a "debt collector" within the FDCPA definition. On December 8, 2020, Sequium sent Weiss a letter on LVNV's behalf. *Id.* ¶ 31. The letter noted a "Total Due" of $12,777.90 — the amount of the 2012 judgment — and set out a settlement offer: the debt would be extinguished if Weiss paid sixty percent of that amount. *See* Debt Notice, Exhibit A to Compl., ECF No. 1-1. Sequium's letter did not provide a deadline by which Weiss had to accept this offer or otherwise provide that the offer would expire. *Id.*

Weiss maintains that the "Total Due" field in Sequium's letter misstated the amount of his debt. He claims the amount he owed was substantially higher, because interest had been accruing since 2012 at nine percent annually by operation of New York law. *See* Compl. ¶ 38. He argues that the letter violated the FDCPA because it failed to include interest in the total due or state explicitly that statutory interest would be waived. *Id*. ¶¶ 34-40; *see also id.* ¶¶ 58-72 (alleging violations of Sections 1692e, 1692f, and 1692g of the FDCPA).

Weiss seeks certification of a class of similarly situated consumers.[2] Defendants answered the complaint (and then amended their answer) but did not move for dismissal under Federal Rule of Civil Procedure 12(b)(6). They now move for judgment on the pleadings pursuant to Rule 12(c).

## II. Legal Standard

### A. Motion for Judgment on the Pleadings

A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is reviewed under the same standard as a motion to dismiss under Rule 12(b)(6). *Bank of New York v. First Millennium*, 607 F.3d 905, 922 (2d Cir. 2010).[3] In resolving a motion for judgment on the pleadings, the court "will accept all factual allegations in the complaint as true and draw all reasonable inferences in [plaintiff's] favor." *Johnson v. Rowley*, 569 F.3d 40, 43 (2d Cir. 2009). "To survive a Rule 12(c) motion, however, [plaintiff's] complaint must contain sufficient factual matter, accepted as true, to state a claim of relief that is plausible on its face." *Id*. The court is "not bound to accept as true legal conclusions couched as

---

[2] In addition to Sequium and LVNV, the complaint names "John Does 1-25" as defendants. Weiss intends to identify those entities in discovery, which was stayed, on consent, pending resolution of this motion.

[3] Unless otherwise noted, when quoting judicial decisions this order omits all alterations, citations, and internal quotation marks.

3

factual allegations." *LaFaro v. New York Cardiothoracic Group, PLLC*, 570 F.3d 471, 476–77 (2d Cir. 2009).

**B.    The FDCPA and the Least Sophisticated Consumer Standard**

The FDCPA is a consumer protection statute intended to "eliminate abusive debt collection practices." 15 U.S.C. § 1692. Section 1692e prohibits the use of "false, deceptive, or misleading representation or means in connection with" collecting a debt. A representation can be deceptive or misleading under section 1692e if it is "open to more than one reasonable interpretation, at least one of which is inaccurate." *Easterling v. Collecto, Inc.*, 692 F.3d 229, 233 (2d Cir. 2012).

Section 1692f prohibits the use of "unfair or unconscionable means" in collecting a debt. "Although the FDCPA leaves the term 'unfair or unconscionable means' undefined, [the Second Circuit has] held that the term refers to practices that are 'shockingly unjust or unfair, or affronting the sense of justice, decency, or reasonableness.'" *Arias v. Gutman, Mintz, Baker & Sonnenfeldt LLP*, 875 F.3d 128, 135 (2d Cir. 2017). The LSC standard is used to determine whether a practice is unfair or unconscionable. *Id*.

Section 1692g requires a debt collector to "send a written notice, within five days of its initial communication with the consumer, stating the amount of the debt and the name of the creditor to whom the debt is owed." *Jacobson v.*

4

*Healthcare Financial Services, Inc.*, 516 F.3d 85, 91 (2d Cir. 2008). The statute affords a right of action for cases where, as alleged here, the notice misstates the amount of the debt. 15 U.S.C. § 1692g(a)(1); *see also Carlin v. Davidson Fink LLP*, 852 F.3d 207, 210 (2d Cir. 2017).

In FDCPA cases under all three sections, courts read debt-collection letters from the perspective of the "least sophisticated consumer" ("LSC"). *See Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996). The LSC could misunderstand a collection letter if it is "reasonably susceptible to an inaccurate reading." *DeSantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001).

Still, in applying the LSC standard, "courts have carefully preserved the concept of reasonableness." *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993). "The FDCPA does not extend to every bizarre or idiosyncratic interpretation by a debtor of a creditor's notice." *Schweizer v. Trans Union Corp.*, 136 F.3d 233, 237 (2d Cir. 1998). Instead, courts may assume the LSC makes "reasonable and logical deductions and inferences," *Dewees v. Legal Serv., LLC*, 506 F. Supp. 2d 128, 132 (E.D.N.Y. 2007), and that he will read the letter from start to finish. *See McStay v. I.C. Sys., Inc.*, 308 F.3d 188, 191 (2d Cir. 2002).

### III. Discussion

This case concerns the extent to which debt collectors must disclose the effect of interest on a consumer's account balance to ensure that a collection notice is not false, deceptive or misleading under the FDCPA. The Second Circuit has addressed this subject multiple times in recent years.

In *Avila v. Riexinger & Associates, LLC*, the Court of Appeals held that Section 1692e requires debt collectors, generally speaking, "when they notify consumers of their account balance, to disclose that the balance may increase due to interest and fees." 817 F.3d 72, 76 (2d Cir. 2016). This rule serves to protect consumers who, absent clarity about the interest clock, "may hold the reasonable but mistaken belief that timely payment will satisfy their debts." *Id*. The *Avila* court qualified its directive, however, by stating that no liability would obtain when a collection notice "clearly states that the holder of the debt will accept payment of the amount set forth in full satisfaction of the debt if payment is made by a specified date." *Id.* at 77.

Two years later, the Second Circuit held that when no interest is accruing, a notice does not have to say so explicitly to avoid liability under Section 1692e. *Taylor v. Financial Recovery Services, Inc.*, 886 F.3d 212, 214 (2d Cir. 2018). The defendant in *Taylor* "produced unrebutted evidence"

6

in discovery that no interest had accrued. The court reasoned that under those circumstances, the risk that *Avila* identified is absent (namely, that a consumer will pay the amount listed as due, only to discover later that he still owes a debt). *Id*.

Most recently, in *Cortez v. Foster & Garbus, LLP*, the Court of Appeals clarified that a debt notice offering to settle for a fixed amount does not have to state, in addition, that the interest clock is running (even if that is indeed the case). 999 F.3d 151, 155 (2d Cir. 2021). The court wrote:

> As with debtors faced with a collection notice for a static debt, who are not prejudicially misled by the collector's failure to disclose that interest is not accruing, debtors faced with a settlement offer are not misled by the failure to disclose that interest is accruing because in both situations, payment of the amount indicated in a collection notice would extinguish the debt.

*Id.* The instant case precisely presents this latter fact pattern: Sequium offered to settle the debt for sixty percent of the amount shown as due and owing. If Weiss had availed himself of that offer, his "payment . . . would extinguish the debt," just as in *Cortez*. *Id*.[4]

Weiss attempts to avoid this clear application of *Cortez* by distinguishing Sequium's letter from the letter at

---

[4] It is irrelevant that the *Cortez* court was considering interest accruing from the date of the letter onward, whereas Weiss is talking about interest accruing prior to the date of the debt-collection notice. Either way, the settlement offer would (if accepted) render the interest calculation moot.

7

issue there.  Specifically, he says, Sequium's letter did not set out an expiration date for the settlement offer, while the letter in *Cortez* did: the debt collector indicated that "we shall expect" payment by a date specified.  *Id.* at 153.  But *Cortez* did not establish a bright line rule that every settlement offer must come with an expiration date.  *Cortez* referenced the expiration date because the central issue there was whether a consumer might be confused about the consequences of paying the settlement amount *after that date*.  *Id.* at 156.  That is not an issue in this case, precisely because there was no expiration date in the offer.  Indeed, the open-ended offer from the Defendants was more generous to Weiss than the defined expiration in *Cortez*, in that it gave Weiss longer than Mr. Cortez was afforded to accept the settlement offer.

   At oral argument, Weiss's counsel hypothesized that if Weiss was inclined to wait a substantial amount of time — like ten years — before paying the settlement amount, he would not know whether (or when) the offer had expired.  *See* Transcript of Oral Argument held on November 15, 2021, 11:10-14, ECF No. 21 ("It's deceptive in the sense that if they pull back their offer, when can they pull back their offer . . . . Let's say plaintiff thinks that, you know what, I can pay this in ten years.").  Thus, the LSC might not know what amount to pay.

The complaint does not allege that Weiss himself experienced this manner of confusion, or even that the least sophisticated consumer would. In any event, Section 1692e "does not require that a collection notice anticipate every potential collateral consequence that could arise in connection with the payment or non-payment of a debt." *Cortez*, 999 F.3d at 156. This is especially true of potential collateral consequences that are so esoteric as to arise only if a debtor decides to wait ten years to accept a settlement offer.

For the same reasons Weiss's claim under Section 1692e fails, so, too, does his claims under Section 1692f and 1692g. The settlement offer is not an "unfair or unconscionable means" of collecting a debt — Weiss proffers nothing about the open offer that was "shockingly unjust or unfair, or affronting the sense of justice, decency, or reasonableness." *Arias*, 875 F.3d at 135. And it comports with Section 1692g's requirement to state "the amount of the debt," again for the reasons set out above.

## IV. Conclusion

For the reasons stated above, Defendants' motion for judgment on the pleadings is granted.  The clerk is respectfully directed to close this case.


SO ORDERED.

                                                                                               /s Eric Komitee  
                                                                                                ERIC KOMITEE  
                                                                                                United States District Judge


Dated:    April 7, 2022  
              Brooklyn, New York